UNTIED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

FILED
JUN 28 2019
[signature] CLERK

**Donna M. Gilbert and others similarly situated**
  Plaintiff
    vs.

Case No. 5:19-cv-5045

**RADM Michael D. Weahkee, Principal Deputy Director Indian Health Service (IHS)**
  Defendants

## COMPLAINT

**I.** COMES NOW the Plaintiff, Donna M. Gilbert, requests an Immediate Injunction be issued on any P.L. 93-638 Contract by the Defendants, RADM Michael D. Weahkee, Principal Deputy Director Indian Health Service based on the fact that such a contract will be a violation of the following: the Fort Laramie Treaty of 1868, Article 13; Article VI, U. S. Constitution; March 3rd Act of 1871; 25CFR450(c) "Community Support for the contract"; 25CFR450 Section 103 (D) "Community Support for the contract"; Amended Regulations 25CFR900: Section 900.3 Policy Statements (a)(1)(2); Section 900.3(b) Secretarial Policy(3)(4); Section 900.4 Effect on existing tribal rights(b); Subpart B- Definitions Section 900.6 Indian/Tribal Organization; and Subpart E- Declination Procedures Section 900.22(b)(e). This case involves a federal official and therefore falls under the federal question jurisdiction of federal court.

**II.** **Plaintiff**, <u>Donna M. Gilbert</u> resides at

  <u>4291 Rosemary Lane</u>

  <u>Rapid City, Pennington County,</u>

  <u>South Dakota, 57702, (605) 407-2042</u>

**III.** **Defendant**, <u>RADM Michael D. Weahkee, Principal Deputy Director Indian Health Service</u>, resides at, or its business is located at

1

5600 Fishers Ln

Rockville MD, 20857, (301) 443-1083

**Defendant**, James Driving Hawk, Area Director, resides at, or its business is located at

Great Plains IHS Area Office

115 Fourth Ave. SE Room 309

Aberdeen SD 57401, 605-226-7581

## IV.   STATEMENT OF CLAIM

The Defendants, RADM Michael D. Weahkee, Principal Deputy Director Indian Health Service and James Driving Hawk as the Acting Director of the Great Plains Indian Health Service Area Office by entering into a plan to contract the Sioux San Rapid City Service Unit Health Facility under a Public Law 93-638 contract did violate our Civil and Treaty Rights in the following manner:

1. Under Article 13 of the 1868 Fort Laramie Treaty, the United States agreed to provide health care for members of the Great Sioux Nation. By allowing the Defendants to enter into a contract under PL 93-638, the responsibility of the United States to provide that health care is considerably diminished by transferring the responsibility to the Great Plains Tribal Charimen's Health Board
As employees and patients of the Sioux San Health Facility and as a member of the Great Sioux Nation, this constitutes a violation of our rights under the Treaty as we did not agree that the United States should transfer its responsibilities for health care to another entity. The Treaty was made between our nation and the United States and cannot be arbitrarily changed.

2. Under Public Law 93-638, Indian Self Determination Act, my Civil Rights were violated in the following ways:

**25CFR450(c) "Community Support for the contract":** At no time has the Defendants asked or received support for the contract from the Rapid City Indian Community except for a select few. No proper consultation was afforded to the whole Rapid City American Indian Community by Defendants, RADM Michael D. Weahkee, Principal Deputy Director Indian Health Service, and James Driving Hawk as the Area Director of the Great Plains Area Indian Health Service. We are also members of the Rapid City American Indian Community and this violated our rights to have a voice in who will be responsible for my health care services. This also holds true within **25CFR450 Section 103 (D) "Community Support for the contract."**

3. Our Civil Rights were further violated under the **Amended Regulations 25CFR900.** Under **Section 900.3 Policy Statements (a)(1)(2):** At no time were members of the American Indian Community of Rapid City afforded any "Participation" regarding the Defendants entering into a "638 contract" with the United States Indian Health Service. Also the majority of members of the Rapid City American Indian Community and employees oppose the transfer, and were NOT afforded any participation in any portion of this particular plan.

Regarding **Section 900.3(b) Secretarial Policy(3)(4)** of the Amended Regulations, at no time were members of the Rapid City American Indian Community afforded any "information" or "discretion" with this particular "contractible" program being the Sioux San IHS Health Facility, "to meet the needs of their communities" which is the Rapid City American Indian Community of which we are members, nor were we involved in the selection of any Advisory Board members, some of whom are convicted felons.

**Subpart B- Definitions Section 900.6 Indian/Tribal Organization:** All the individual people utilizing Sioux San IHS Health Facility are members of an American Indian Tribe. A majority of the patients are in fact enrolled in one tribe which is part of the Sioux Nation. However, as employees and members of the Rapid City American Indian

Community and residing in Rapid City, I am NOT allowed to vote in elections on my Reservation.

Furthermore it is the United States Indian Health Service that is responsible to provide adequate health care to the Indian people as listed in Article 13 of the 1868 Fort Laramie Treaty, not the Defendant, the Great Plains Tribal Chairmen's Health Board. According to the "Mission Statement" of the Defendant, Great Plains Tribal Chairmen's Health Board, they are "to provide quality public health support and health care **advocacy** to the tribal nations of the Great Plains...."

A vast majority of Rapid City IHS employees are not in favor of an Intergovernmental Personnel Agreement as they chose to work for the federal government, not a tribal organization. As members of the Rapid City American Indian community, they also had the right to know ahead of time of this contractual agreement made between the GPTCHB and their employer, the Indian Health Service. As they did not, their stress levels affect their relationships with their patients such as myself.

## V.   RELIEF

We respectfully ask the Court to issue an IMMEDIATE INJUNCTION to cease all actions of the Great Plains Tribal Chairmen's Health Board and the United States Indian Health Service from contracting the Sioux San IHS Rapid City Service Unit under PL 93-638. Until a formal hearing can be held on the issues.

We also ask that the Court order the previous plans for the Sioux San IHS Rapid City Service Unit to be resumed and the construction of the new buildings be located on the current site on 3200 Canyon Lake Drive including the reconstruction and refurbishment of existing buildings as previously planned by the Indian Health Service and the Rapid City Indian Community.

We also ask that the Court order the current administration of the Sioux San IHS Rapid

4

City Service Unit and all employees resume their work in their positions as Federal Employees.

Finally, we ask the Court to declare that all "IPA" contracts with Great Plains Tribal Chairmen's Health Board and the current employees of the Sioux San IHS Rapid City Service Unit be declared "Null and Void" in order that all employees may remain as Federal Employees with their accumulated benefits.

**VI.  Money Damages:**

A)  Do you claim either actual or punitive monetary damages for the acts alleged in this complaint?

        YES [ ]        NO [ X ]

B)  If your answer to "A" is YES, state below the amount claimed and the reason(s) you believe you are entitled to recover such monetary damages:

**VII.**  Do you maintain that the wrongs alleged in the complaint are continuing to occur at the present time?

        YES [ X ]        NO [ ]

**VII.**  Are you requesting a Jury Trial?

        YES [ ]        NO [ X ]

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 28 day of June, 2019.

Donna M. Gilbert, *Pro Se*