UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DONNA M. GILBERT, JULIE MOHNEY, CHARMAINE WHITE FACE, and others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>RADM MICHAEL D. WEAHKEE, Principal Deputy Director of Indian Health Service (IHS); JAMES DRIVING HAWK, Great Plains IHS Area Director; and WILLIAM BARR, United States Attorney General,<br><br>　　　　　Defendants. | CIV. 19-5045-JLV<br><br>ORDER |

　　　This action challenged defendants' decision to contract operations of an Indian Health Service ("IHS") hospital in Rapid City, South Dakota, to the Great Plains Tribal Chairmen's Health Board ("the Health Board"). The court granted defendants' motion to dismiss the complaint and entered judgment in their favor. (Dockets 44 & 45). Plaintiffs, now proceeding *pro se*, are presently appealing the court's judgment. Dockets 47 & 50; see also Gilbert v. Weahkee, No. 20-1484 (8th Cir.). Now pending before the court is plaintiffs' motion to submit an addendum under Federal Rule of Civil Procedure 62.1. (Docket 52). The motion, relying on state corporate reports, argues the Health Board is not a tribal organization and is not permitted to enter a self-determination contract under the Indian Self-Determination and Education Assistance Act ("ISDEAA"). Id. Defendants oppose the motion. (Docket 54).

The relief plaintiffs seek in their motion is not clear.  The motion "reiterate[s] [plaintiffs'] position that [the Health Board] is not, and cannot be considered an indispensable party in this case as it is NOT a Tribe or Tribal Organization and is NOT qualified to enter into an ISDEAA contract[.]" (Docket 52 at p. 4).  Although the motion does not explicitly ask the court to reconsider its prior rulings, that seems to be plaintiffs' goal.  Defendants likewise construe the motion as one for reconsideration.  (Docket 54 at p. 5).  Given that plaintiffs are now proceeding *pro se*, the court will evaluate their motion as one seeking relief from judgment under Federal Rule of Civil Procedure 60(b).[1]  See Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) ("[T]he district court should construe [a filing] in a way that permits the layperson's claim to be considered within the proper legal framework.").

"Once a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal.  For example, while an appeal is pending, the district court may not reexamine or supplement the order being appealed." State *ex rel.* Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999) (internal citations omitted).  However, there is an exception for motions for relief from judgment under Rule 60(b).  See Fed. R. App. P. 4(a)(4)(B)(i) (stating a notice of appeal filed after judgment but before resolution of a Rule 60 motion becomes effective after the district court resolves the Rule 60 motion); MIF

---

[1] So construed, plaintiffs' reliance on Rule 62.1, while understandable, is inapposite.  Rule 62.1 applies to motions "that the court lacks the authority to grant because of an appeal," but the court is permitted to adjudicate a post-judgment Rule 60(b) motion.  Fed. R. Civ. P. 62.1(a).

2

Realty L.P. v. Rochester Assocs., 92 F.3d 752, 755 (8th Cir. 1996) (Federal Rule of Appellate Procedure 4(a)(4) allows district courts to rule on pending Rule 60(b) motions despite notice of appeal).

"Rule 60(b) authorizes relief in only the most exceptional of circumstances."  Giles v. Saint Luke's Northland-Smithville, 908 F.3d 365, 368 (8th Cir. 2018) (quotation omitted).  "[A] Rule 60(b) motion cannot be used to relitigate the merits of a district court's prior judgment in lieu of a timely appeal[.]"  In re SDDS, Inc., 225 F.3d 970, 972 (8th Cir. 2000).  Rule 60(b) motions are not viewed favorably.  Holmes v. United States, 898 F.3d 785, 791 (8th Cir. 2018).

The motion is not well taken.  The thrust of plaintiffs' argument is that the Health Board cannot be a tribal organization for ISDEAA purposes because it is a corporation organized under South Dakota law.  The court previously rejected this argument.  See Docket 44 at p. 27 n.18 ("Contrary to plaintiffs' argument, it does not matter that the Health Board is incorporated under state law, as opposed to tribal law. . . . The ISDEAA's definition of tribal organization does not preclude state-chartered organizations.").  The court accepted plaintiffs' allegation that the Health Board is a South Dakota corporation.  Id. at p. 7 ("The Health Board is incorporated as a nonprofit corporation under South Dakota law.").  Plaintiffs' new corporate reports establish nothing the court has not already taken as true.

Plaintiffs are attempting to "relitigate the merits of [the] . . . court's prior judgment[.]"  In re SDDS, Inc., 225 F.3d at 972.  The court must deny their

motion.  However, the court notes plaintiffs made this argument in their appeal brief.  Appellant Br. 19-22, No. 20-1484 (8th Cir. Apr. 16, 2020). Plaintiffs' remedy, if any, will come from the United States Court of Appeals for the Eighth Circuit.

For the reasons given above, it is

ORDERED that plaintiffs' motion to submit an addendum (Docket 52) is denied.

Dated April 29, 2020.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        UNITED STATES DISTRICT JUDGE